JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAHAM WAGNER,<br><br>　　　Plaintiff,<br><br>　v.<br><br>SPACEX et al.,<br><br>　　　Defendants. | Case No. 2:25-cv-04703-SB-MAR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION [DKT. NOS. 18, 20] |

　　　On April 18, 2025, Plaintiff Graham Wagner (a California citizen) sued his former employer, SpaceX (a Texas citizen) and direct supervisor, Ryan Quinn (a California citizen) in state court, alleging violations of California laws arising from the termination of his employment.  On May 23, 2025, SpaceX removed the case based on diversity jurisdiction, asserting that Quinn's citizenship should be ignored because he had not been served and was fraudulently joined.  Dkt. No. 1 ¶¶ 23–30.  Plaintiff now moves to remand for lack of complete diversity.  Dkt. No. 18.

　　　A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "[A] presumption against federal jurisdiction exists in the usual diversity case," *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020), and the burden is on the removing party to establish jurisdiction by a preponderance of the evidence.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683–84 (9th Cir. 2006).

　　　Recognizing that Quinn's California citizenship defeats diversity jurisdiction, SpaceX has offered a number of reasons for disregarding it.

　　　First, SpaceX invokes the forum-defendant rule to argue that Quinn's citizenship can be ignored because he was not served at the time of removal.  This invocation is misguided.  Under 28 U.S.C. § 1441(b)(2), a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not

1

be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Properly understood, this rule serves to limit—not expand—diversity jurisdiction. That is, the rule deprives a federal court of diversity jurisdiction in an "otherwise removable" case (i.e., one in which there is complete diversity of citizenship and more than $75,000 at issue) when that case is filed in the home state of a properly joined and served defendant. *See Ross v. United Airlines, Inc.*, 22-CV-01532-SB-GJS, 2022 WL 1302680, at *2 (C.D. Cal. Apr. 30, 2022) (analyzing the forum defendant rule and determining that it "serves as a limitation on removal rather than as an expansion of diversity jurisdiction"). That rule is inapplicable here because Plaintiff and Quinn are both citizens of California, and thus complete diversity of citizenship is lacking. For purposes of determining diversity jurisdiction under § 1332(a), the fact that Plaintiff had not yet served the nondiverse defendant at the time of removal is irrelevant. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (holding that a court must consider the citizenship of an unserved defendant); *see also Supra Nat'l Express, Inc. v. Penske Truck Leasing Co., L.P.*, No. 2:24-CV-01593-SB-KS, 2024 WL 968858, at *1 (C.D. Cal. Mar. 5, 2024) (same); *Hernandez v. Sam's W., Inc.*, No. 2:23-CV-06715-SB-E, 2023 WL 5612429, at *1 (C.D. Cal. Aug. 29, 2023) (same).[1]

Second, SpaceX argued in its removal papers that Quinn's citizenship could be ignored because he is a "sham" defendant fraudulently joined to defeat jurisdiction. Dkt. No. 1 at 7. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up). SpaceX has made no effort to meet its burden, presenting no argument or evidence on this point in its opposition to the remand motion. Dkt. No. 22. The fraudulent-joinder claim is therefore deemed abandoned or otherwise unsupported. *See Phu Phung v. FCA US, LLC*, No. 20-CV-3290-JFW, 2020 WL 3469263, at *2 (C.D. Cal. June 24, 2020) (noting that defendant abandoned its original grounds for removal by "fail[ing] to even address the issue of fraudulent joinder").

---

[1] SpaceX also asks the Court to deny the motion because Plaintiff failed to timely meet and confer. Dkt. No. 22 at 3–5. While the Court declines to deny the motion on this basis because it finds that it does not have subject-matter jurisdiction, Plaintiff's counsel is admonished to carefully comply with the Local Rules and court orders in the future when appearing before this Court.

      Third, SpaceX now shifts gears and asserts that Quinn is a Texas citizen. In opposition to the remand motion, SpaceX submits a two-paragraph declaration from Quinn, dated July 1, 2025. Dkt. No. 22-2. The first paragraph is introductory and the second paragraph states in full: "As a SpaceX Production Supervisor, I work at SpaceX's facility in Bastrop, Texas. I currently live in and intend to remain in Bastrop, Texas." *Id.* ¶ 2. The fact that Quinn "currently live[s] in and intend[s] to remain" in Texas (as of July 1, 2025) is irrelevant, as diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). The complaint and removal in this case were filed on April 18, 2025 and May 23, 2025, respectively—and the Quinn declaration says nothing about his domicile on those dates. Thus, SpaceX has not satisfied its burden to show that it properly removed this case.[2]

      Accordingly, the Court grants Plaintiff's motion and remands the case to the Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). SpaceX's motion to compel arbitration (Dkt. No. 20) and ex parte application to strike Plaintiff's opposition to that motion (Dkt. No. 28) are denied as moot.

Date: July 28, 2025

                                          Stanley Blumenfeld, Jr.
                                          United States District Judge

---

[2] In reply, Plaintiff attaches a screenshot of Quinn's LinkedIn profile showing that Quinn did not relocate to Texas until June 2025. Dkt No. 23 Ex. 2. The Court would reach the same conclusion even in the absence of this evidence, as the Quinn declaration is insufficient on its face.